IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, <br><br> Plaintiffs, <br><br> v. <br><br> MIDWEST BRICKPAVING, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) No. 06 C 2096 ) ) Judge Filip ) ) ) ) |

## PLAINTIFFS' MOTION FOR DAMAGES

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and James S. Jorgensen, by their attorney, state:

1. This lawsuit is filed under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, and under the Labor Management Relations Act, 29 U.S.C.§ 185, seeking unpaid contributions owed to the plaintiffs, the Laborers' Health and Welfare and Pension Funds (hereinafter the "Funds"). On June 13, 2006, this Court entered a default judgment against Midwest Brickpaving, Inc., for its failure to answer or otherwise plead.

2. The Funds' designated auditors from Richard J. Wolf & Company, conducted an audit for the period from June 16, 2003 through June 30, 2006. As established by the Funds' Field

1

Representative, Michael Christopher, the auditors reviewed the Company's records reflecting contributions due the Funds. Thereafter, Mr. Christopher discussed the audit report's findings with the Company and revised the report. As set forth in his Affidavit attached hereto as Exhibit A, Michael Christopher testifies that the revised report reflects that the Funds are owed $7,802.75 in principal contributions to the Welfare, Pension, Training, CCA/IAF, LECET, LMCC, Funds and for Union dues. (See, Exhibit A.)

3. According to the collective bargaining agreement and trust agreements, liquidated damages are owed for unpaid contributions in the amount of 10% (ten percent) of the unpaid contribution, and interest is owed accruing at the prime rate as charged by the Chase Bank plus two percent. As established by Mr. Christopher's affidavit, liquidated damages are owed in the amount of $780.28 for unpaid audit deficiencies and $3,007.86 for unpaid late fees. Interest is owed in the amount of $ 626.21 through February 7, 2007. The costs of this audit billed to the Funds were $1,700.00.

4. According to the collective bargaining agreement, the Company is also required to obtain and maintain a surety bond to guaranty wages and fringe benefit contributions. In addition, all contributing employers are responsible to pay contributions to the Funds by the 10th day of the month after the month in which the work was performed.

5. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). An affidavit of Karen I. Engelhardt establishes the amount of attorneys' fees incurred in this matter are $4,037.50 and $600.00, in costs consisting of $350.00 in filing fees and the balance in service fees. (See, Exhibit B.)

**WHEREFORE,** plaintiffs request entry of a judgment against Midwest Brickpaving, Inc.,

in a total amount of $18,554.60 and an order requiring compliance with the obligation to obtain and maintain a surety bond and a to submit reports and contributions by the tenth day of the month after the month in which the work has been performed.

                    Respectfully submitted,

                    /S/ Karen I. Engelhardt
                    One of Plaintiffs' counsel

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400
ARDC # 03128850                    February 9, 2007